UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURT BILLIOT et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2331** |
| **BANKERS SPECIALTY INSURANCE CO.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Bankers Specialty Insurance Co.'s ("Defendant") "Motion to Strike Expert Opinion Testimony" ("Motion to Strike").[1] In the motion, Defendant moves to strike all expert testimony for Plaintiffs Kurt Billiot and LaDonna Billiot (collectively, "Plaintiffs") because Plaintiffs' expert disclosures were filed after the deadline set forth in the Court's September 28, 2022 Scheduling Order and failed to abide by the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).[2] Plaintiffs have not filed an opposition to the motion, and therefore the instant motion is deemed unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[3] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion and strikes Plaintiffs' proposed expert testimony.

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 23-1 at 1–2 (citing Rec. Doc. 12).

[3] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir.1993).

1

## I. Background

This litigation arises out of alleged damage to Plaintiffs' property during Hurricane Ida.[4] Plaintiffs filed a Complaint against Defendant on July 26, 2022.[5] On August 26, 2022, the Eastern District of Louisiana issued Case Management Order No. 1 (the "CMO") adopting a Streamlined Settlement Program ("SSP") for all Hurricane Ida claims.[6] The CMO provided the "opportunity for parties in previously filed cases to opt-in to the SSP by agreement of the parties with consent of the presiding District Judge."[7] On September 1, 2022, the parties received notice of the opportunity to opt in to the SSP within fourteen days.[8] The parties did not opt in to the SSP.

On September 28, 2022, the Court issued a Scheduling Order, which set a deadline of November 18, 2022, for Plaintiffs to provide Defendant with "[w]ritten reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for the Plaintiffs fully setting forth all matters about which they will testify and the basis therefor."[9] Plaintiffs counsel certified that he served Defendant with a copy of "Plaintiffs Rule 26(a)(2) Expert Disclosures" on December 12, 2022.[10]

On December 21, 2022, Defendant filed the instant Motion to Strike.[11] As an attachment to the motion, Defendant's counsel noticed the motion for submission on January 11, 2022 at 10:00

---

[4] *See* Rec. Doc. 1.

[5] *Id*.

[6] *See* Rec. Doc. 8.

[7] *Id*. at 10.

[8] Rec. Doc. 9.

[9] Rec. Doc. 12 at 3.

[10] Rec. Doc. 23-2 at 2.

[11] Rec. Doc. 23.

a.m., and certified that Plaintiffs' counsel was served with this notice on the day of filing.[12] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[13] Therefore, Plaintiffs' opposition to the instant motion was due on January 3, 2022. However, to date, no opposition has been filed.

## II. Parties' Arguments

### A.   *Defendant's Arguments in Support of the Motion to Strike*

Defendant argues that Plaintiffs' expert testimony should be stricken because their expert disclosures were "both untimely and insufficient and prevents defendant from determining who may testify for [Plaintiffs] and the nature of the testimony."[14] Defendant first argues that the disclosures were insufficient because it "had no statement of all opinions assigned by the proposed expert; no listing of qualifications of the experts; no listing of testimony as an expert at trial of or by deposition; and no statement of compensation paid for the study" as required by Federal Rule of Civil Procedure 26(a)(2).[15] Defendant avers that it also "attempted to determine what information may have previously been provided during the claims process and [has] found reports which may be the basis of [Plaintiffs'] disclosures" but did not meet the requirements of Rule 26(a)(2).[16] Defendant asserts that these possible bases for the disclosures do not contain a complete statement of all opinions by the witness, a bio of the witness, a history of any testimony, past publications, or compensation of the witness and, in some cases, fail "to contain the name of any

---

[12] Rec. Doc. 23-8.

[13] EDLA Local Rule 7.5.

[14] Rec. Doc. 23-1 at 1.

[15] *Id.* at 2.

[16] *Id.*

3

individual who prepared the repair" where the expert listed was a corporation.[17]

Second, Defendant argues that the four factors courts consider in determining whether to exercise its discretion to exclude expert testimony weigh in favor of granting the motion.[18] Defendant contends that the first factor—the importance of the excluded testimony—weighs in favor of granting the motion because the disclosures were "of important testimony [concerning the amount of damages sought by Plaintiffs] that deprived [Defendant] of the benefits of timely disclosures before its own reports and disclosures were due."[19] Defendant asserts that the second factor—the explanation of the party for its failure to comply with the court's order—weighs in favor of granting the motion because "the still insufficient disclosures went out four days before [Defendant] was required to submit its own disclosures" and "[a]pparently, no attempt was made to read the disclosure requirements of Rule 26."[20] Defendant avers that the third factor—the potential prejudice that would arise from allowing the testimony—weighs in favor of granting the motion because the insufficient disclosures were sent only 26 days before the discovery deadline.[21] Finally, Defendant avers that the fourth factor—the availability of a continuance to cure such prejudice—weighs in favor of granting the motion because the trial has been set for March 20, 2023, before which Defendant "would be required to engage in discovery of five experts, four of whom have not been individually identified."[22] Thus, Defendant concludes that the motion should

---

[17] *See id.* at 3–5.

[18] *Id.* at 6.

[19] *Id.*

[20] *Id.*

[21] *Id.* (citing Rec. Doc. 12 at 4).

[22] *Id.* at 7. Defendant asserts that it agreed to the earliest possible trial date at the September 28, 2022 scheduling conference at Plaintiffs' insistence. *Id.*

be granted given that "[t]he progression of this matter demonstrates a remarkable lack of consideration of the court's scheduling order and the prejudice caused to [Defendant]."[23]

### B.  *Plaintiffs' Arguments in Opposition to the Motion to Strike*

Plaintiffs have not filed an opposition to the motion to dismiss.

### III. Legal Standard

The Federal Rules of Civil Procedure "authorize[] federal courts to control and expedite the discovery process through a scheduling order."[24] Federal Rule of Civil Procedure 16 allows a court to exclude expert testimony or strike pleadings if a party fails to comply with deadlines imposed by a scheduling order.[25] Federal Rule of Civil Procedure 16(b)(4) states, "A schedule may be modified only for good cause and with the judge's consent." The Fifth Circuit has stated that the four factors bearing on good cause for excluding expert testimony are: "(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice." The Fifth Circuit has stated that these factors are "relevant to good cause," but has imposed no requirement that all factors weigh in favor of the party seeking to include an untimely disclosure.[26] A district court has broad discretion in determining how to best preserve the integrity and purpose of its scheduling order.[27]

---

[23] *Id.* at 8.

[24] *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *see* Fed. R. Civ. P. 16

[25] Fed. R. Civ. P. 16(f)(1); *see* Fed. R. Civ. P. 37(b)(2)(A).

[26] *Fahim v. Marrior Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

[27] *Sw. Bell*, 346 F.3d at 546.

## IV. Analysis

Here, Plaintiffs provided their Rule 26(a)(2) disclosures of expert testimony to Defendant after the deadline set forth in the Court's Scheduling Order without providing good cause for the delay. Furthermore, those disclosures do not come close to meeting the requirements for disclosure of expert testimony set out in Rule 26(a)(2)(B).[28] Now, even after Defendant moves to strike Plaintiffs' expert testimony, Plaintiffs have failed to submit an opposition to the motion, timely or otherwise. This matter's March 20, 2023 trial date is quickly approaching, and the January 6, 2023 discovery deadline has already passed.[29]

As noted above, the Court must analyze four factors in determining whether good cause exists to allow parties to present expert testimony disclosed after a deadline set forth in a scheduling order. As to the first factor—the importance of the excluded testimony—Defendant argues Plaintiffs' failure to properly disclose important testimony regarding the damages Plaintiffs are seeking deprived Defendant of being able to respond with its own experts.[30] Defendant's argument relates more to the prejudice it would suffer if the Court admitted the testimony, not the importance of the testimony itself. Certainly, testimony regarding the damages sought by Plaintiffs

---

[28] *See* Rec. Docs. 23-2, 23-3, 23-4, 23-5, 23-6, 23-7. Federal Rule of Civil Procedure 26(a)(2)(B) states:

Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

[29] *See* Rec. Doc. 12.

[30] Rec. Doc. 23-1 at 6.

would seem to be of the upmost importance to Plaintiffs' claims. Thus, this factor would seem to weigh in favor of allowing Plaintiffs' expert testimony. However, because Plaintiffs have failed to provide the information required by Rule 26(a)(2)(B) within their disclosures and failed to respond to Defendant's motion, the Court is unable to determine the identity of many of the persons providing expert testimony, let alone whether that testimony would be admissible.[31] Thus, "this factor cannot override the enforcement of the scheduling order" where "it is not even clear to the Court what testimony [the experts plan to] provide."[32]

As to the second factor—the explanation for the failure to timely disclose the expert testimony—Plaintiffs do not oppose the instant motion and thus do not provide an explanation for failing to abide by the Scheduling Order. The Court can only conclude that this failure to provide an explanation represents the disregard for the Scheduling Order and the Federal Rules of Civil Procedure that Plaintiffs' previous actions in litigating this case have demonstrated.[33]

As to the third factor—the potential prejudice that would arise from allowing the testimony—Defendant argues that it is prejudiced by the untimely disclosures because it has prevented Defendant from responding with its own experts and was made only 26 days before the discovery deadline.[34] Defendant further argues that this prejudice has been compounded by the

---

[31] *See* Rec. Doc. 23-2.

[32] *McIntyre v. Housing Authority of New Orleans*, No. 14-1641, 2015 WL 5083503, at *7 (E.D. La. Aug. 27, 2015) (Brown, J.).

[33] The Court notes that Plaintiffs also filed a "Motion for Leave to File First Supplemental and Amended Complaint," currently pending before the Magistrate Judge, on December 19, 2022. Rec. Doc. 22. This motion was filed almost two months after the Scheduling Order's October 28, 2022 deadline for amending pleadings. Rec. Doc. 12 at 2. The Court further notes that Plaintiffs' counsel has demonstrated a pattern of failing to abide by local rules and scheduling orders while litigating another case before this Court. *See Hairston v. Sun Belt Conference Inc.*, No. 21-2088, Rec. Doc. 81; No. 21-2088, Rec. Doc. 110 at 3 (denying counsel's motion for an extension of discovery deadlines because counsel "has failed to articulate why his dilatory practices in discovery merit good cause for a continuance").

[34] Rec. Doc. 23-1 at 6.

fact that the disclosures are insufficient.[35] The Court agrees that Plaintiffs' inadequate and untimely expert disclosures so close to the discovery deadline and trial unfairly prejudice Defendant.

Finally, as to the fourth factor—the availability of a continuance to cure such prejudice—Plaintiffs have already failed to provide the information required under the Federal Rules despite giving themselves an extra six weeks to disclose their experts to Defendant. Most significantly, Plaintiffs have failed to seek a continuance or even oppose this motion, which makes the Court skeptical that Plaintiffs would even follow any new deadlines resulting from a continuance.

Considering these factors, the Court does not find good cause for Plaintiffs' failure to abide by the deadlines imposed by the Scheduling Order to allow Plaintiffs to introduce the recently and inadequately disclosed expert testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike[36] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 11th day of January, 2023.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**

---

[35] *Id*.

[36] Rec. Doc. 23.