UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KURT BILLIOT et al.**                                                        **CIVIL ACTION**

**VERSUS**                                                                     **NO. 22-2331**

**BANKERS SPECIALTY INSURANCE CO.**                                            **SECTION: "G"(4)**

### ORDER AND REASONS

This litigation arises out of alleged damage to Plaintiffs Kurt Billot and LaDonna Billot's (collectively, "Plaintiffs") property during Hurricane Ida.[1] Before the Court is Plaintiffs' "Motion for Appeal of R. Doc. No. 38" (the "Motion for Appeal").[2] In the Motion for Appeal, Plaintiffs object to and seek review of the Magistrate Judge's February 16, 2023 Order denying Plaintiffs leave to file an amended complaint.[3] Defendant Bankers Specialty Insurance Co. ("Defendant") opposes the motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

#### A.   *Factual Background*

According to the Complaint, Plaintiffs allege that they notified Defendant, their home insurance provider, of damage to Plaintiffs' property (the "Property") on or about August 29,

---

[1] *See* Rec. Doc. 1.

[2] Rec. Doc. 39.

[3] *See* Rec. Doc. 39-1.

[4] Rec. Doc. 43.

1

2021.[5] Plaintiffs allege that they provided satisfactory proof of loss after Defendant's October 21, 2021 inspection.[6] Plaintiffs contend that Defendant has failed to pay for all the damage to the Property, as required by the home insurance policy Plaintiffs purchased from Defendant to cover the Property (the "Policy").[7] Plaintiffs further contend that, since Hurricane Ida, they and their minor son, C.M.B., have been living in a garage that is not air conditioned, exposed to "environmentally hazardous conditions," "treated at the hospital for breathing issues," and "continue to live in a state of disarray which has taken an extreme mental and physical toll."[8] Plaintiffs assert that C.M.B. "suffers from severe depression and anxiety" and has been forced to live with relatives for lengthy periods of time "due to the distress caused by living in the home."[9] In the Complaint, Plaintiffs bring claims against Defendant for breach of contract, bad faith, and mental anguish under Louisiana law.[10]

### B.  Procedural Background

Plaintiffs filed the Complaint on July 26, 2022.[11] On August 26, 2022, the Eastern District of Louisiana issued Case Management Order No. 1 (the "CMO") adopting a Streamlined Settlement Program ("SSP") for all Hurricane Ida claims.[12] The CMO provided the "opportunity for parties in previously filed cases to opt-in to the SSP by agreement of the parties and consent of

---

[5] Rec. Doc. 1 at 3.

[6] *Id*.

[7] *Id*.

[8] *Id*. at 4–5.

[9] *Id*. at 5.

[10] *See id.* at 6–9.

[11] Rec. Doc. 1.

[12] *See* Rec. Doc. 8.

the presiding District Judge."[13] On September 1, 2022, the parties received notice of the opportunity to opt in to the SSP within fourteen days.[14] The parties did not opt in to the SSP. On September 28, 2022, the Court issued a Scheduling Order, which set an October 28, 2022 deadline to amend pleadings.[15]

### C. *Magistrate Judge's Decision*

On December 19, 2022, Plaintiffs filed a "Motion for Leave to File First Supplemental and Amended Complaint," in which they sought to add C.M.B. as a plaintiff and to assert claims for C.M.B.'s mental and physical anguish.[16] In support of the motion, Plaintiffs quoted Federal Rule of Civil Procedure 15(a)(2) and asserted without further explanation that granting the motion would serve justice, promote judicial efficiency, and would not result in "undue prejudice, bad faith, undue delay or futility."[17] Pursuant to Local Rule 72.1, the motion was automatically referred to the assigned Magistrate Judge for determination.

Defendant opposed the motion for three reasons. First, Defendant argued that Plaintiffs only cited Federal Rule of Civil Procedure 15(a)(2) as authority to support the motion without addressing why they have good cause to amend the Scheduling Order or why such amendment would not prejudice Defendant.[18] Second, Defendant argued that expert disclosure deadlines have passed and so "Defendant cannot now address new claims of mental anguish of parties which were

---

[13] *Id*. at 10.

[14] Rec. Doc. 9.

[15] Rec. Doc. 12 at 2.

[16] Rec. Doc. 22.

[17] Rec. Doc. 22-1 at 2.

[18] *See* Rec. Doc. 24 at 1–2; *see also id.* at 4.

not previously named."[19] Third, Defendant argued the amendment is frivolous because another judge in the Eastern District of Louisiana has previously held that claims on behalf of an insured's children are not viable.[20]

In a February 16, 2023 Order denying the motion (the "Order"), the Magistrate Judge stated that "when a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b), the Court can deny the motion for that reason alone."[21] Therefore, the Magistrate Judge was "not persuaded to grant [Plaintiffs] leave to amend their Complaint" because they "presented no explanation for their untimely filing of their instant motion, nor shown any good cause in accordance with Rule 16(b) (other than their mere citation to Rule 15)."[22] Further, the Magistrate Judge found that, "[e]ven if Plaintiffs could establish good cause under Rule 16(b), the claims they wish to include in their complaint on behalf of their minor son are frivolous."[23] Thus, the Magistrate Judge denied Plaintiffs leave to file an amended complaint.[24] Plaintiffs then filed the instant Motion for Appeal of the Magistrate Judge's Order.[25] On February 27, 2023, Defendant opposed the Motion for Appeal.[26]

---

[19] *Id*. at 3.

[20] *Id.* (quoting *Gaffney v. State Farm Fire and Cas. Co.*, No. 07-7581, 2009 WL 1951889, at *2 (E.D. La. July 2, 2009)).

[21] Rec. Doc. 38 at 5 (citing *Matias v. Taylors Int'l Servs., Inc.*, No. 09-3256, 2010 WL 3825402, at *2–3 (E.D. La. Sep. 24, 2010)).

[22] *Id*. at 6.

[23] *Id*. (citing *Gaffney*, 2009 WL 1951889).

[24] *Id*. at 7.

[25] Rec. Doc. 39.

[26] Rec. Doc. 43.

4

## II. Parties' Arguments

*A.     Plaintiffs' Motion for Appeal the Magistrate Judge's Order*

Plaintiffs appeal the Order and move the Court to review the decision. First, Plaintiffs argue that there is good cause to amend the Complaint because: (1) Plaintiffs learned during a December 5, 2022 settlement conference that Defendant "would not settle for a penny more than they had already paid to this point;" (2) the subject of the amendment, "[t]he health and wellness of a minor in the household," is of "utmost importance;" (3) Defendant would not be prejudiced because the Complaint makes clear "since the inception of this matter that C.M.B. was living in the household and was suffering due to [Defendant's] negligence;" and (4) "any potential prejudice could be cured if this Court postpones the trial and provides the party a limited opportunity to conduct a limited discovery with a limitation on discovery solely for the new claims asserted."[27]

Second, Plaintiffs argue that there is good cause under Rule 15 to amend the Complaint because: (1) Plaintiffs were "not aware that [Defendant] would take the stance of not at least trying to settle the claim in good faith" until December 5, 2022; (2) Plaintiffs are not trying to cure any "continuous deficiencies" in the Complaint; and (3) the amendment is not futile given that "[t]he Louisiana Civil Code recognizes that a third party beneficiary contract can exist, but provides few governing rules."[28] Thus, Plaintiffs ask the Court to set aside the Magistrate Judge's February 16, 2023 Order.[29]

---

[27] Rec. Doc. 39-1 at 4–6.

[28] *Id*. at 6–9 (citing La. Civ. Code arts. 1978–1982).

[29] *See id*. at 9.

B.      *Defendant's Arguments in Opposition to Plaintiffs' Motion for Appeal*

In opposition, Defendant asserts three arguments. First, Defendant argues that Plaintiffs raise arguments in the Motion for Appeal not raised in the original Motion for Leave to Amend the Complaint before the Magistrate Judge.[30] Defendant asserts that, regardless, Plaintiffs base good cause on "inadmissible settlement discussions" but "fail[] to explain why a [settlement] conference in December excuses a failure to meet an October deadline for amendments."[31]

Second, Defendant argues that the Magistrate Judge correctly decided that, even if Plaintiffs could establish good cause to amend the Scheduling Order, the proposed amendments to the Complaint would be futile.[32] Defendant avers that Plaintiffs "make no attempt to produce case law support for their argument or address the fact that [the Magistrate Judge] applied controlling legal authority within this District as part of her analysis."[33]

Third, Defendant argues that the Magistrate Judge's decision "was supported by the simple fact that Plaintiffs made no attempt to show the good faith standard for amendment under [] Rule 16(b)."[34] Defendant asserts that Plaintiffs' counsel "has continued to disregard the scheduling orders of the [C]ourt," failed to provide good cause to amend the scheduling order, and failed "to address the controlling [and highly deferential] legal standard" for this appeal.[35] Thus, Defendant concludes that "there is simply no basis" to overturn the Magistrate Judge's ruling.[36]

---

[30] Rec. Doc. 42 at 1.

[31] *Id*. at 2.

[32] *See id.*

[33] *Id*.

[34] *Id*. at 3.

[35] *Id*. at 4–5.

[36] *Id*. at 5.

6

### III. Legal Standard

*A.     Standard of Review of a Magistrate Judge's Order*

With certain exceptions not applicable here, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the [district] court."[37] When objections are raised to non-dispositive pretrial matters, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law."[38] Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."[39]

*B.     Leave to Amend*

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the scheduling order's deadline to amend has expired.[40] Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[41] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[42] As the Fifth Circuit has explained, the four factors bearing on good cause in the context of untimely motions to amend pleadings are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the

---

[37] 28 U.S.C. § 636(b)(1)(A).

[38] Fed. R. Civ. P. 72(a).

[39] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[40] *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[41] Fed. R. Civ. P. 16(b)(4).

[42] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 535; 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

availability of a continuance to cure such prejudice.[43] Ultimately, whether to grant leave to amend is "tempered by the necessary power of a district court to manage a case."[44]

### IV. Analysis

Plaintiffs appeal the Magistrate Judge's February 16, 2023 Order denying Plaintiffs' Motion for Leave to File an Amended Complaint.[45] Pursuant to the Court's Scheduling Order, "[a]mendments to pleadings, third-party actions, cross claims, and counterclaims shall be filed no later than October 28, 2022."[46] However, Plaintiffs filed their motion seeking leave to file an amended complaint on December 19, 2022.[47] Federal Rule of Civil Procedure 16(b) controls the amendment of pleadings after the Scheduling Order's deadline to amend has expired.[48] The Magistrate Judge denied Plaintiffs leave to amend the Complaint because they "presented no explanation" for the untimely filing of their instant motion, nor shown any good cause in accordance with Rule 16(b) (other than their mere citation to Rule 15)."[49]

The Court agrees with the Magistrate Judge's description of Plaintiffs' arguments in support of their original motion for leave to amend the complaint. Plaintiffs' briefing was conclusory and provided no good cause for modifying the Scheduling Order.[50] Now, Plaintiffs

---

[43] *Sw. Bell Tel. Co.*, 346 F.3d at 546 (quoting *S&W Enters.*, 315 F.3d at 536)).

[44] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987)) (applying the more deferential Federal Rule of Civil Procedure 15 analysis). *See also Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 WL 2861819, at *2 (E.D. La. June 23, 2014) (Milazzo, J.) (reversing Magistrate Judge's grant of leave to amend).

[45] Rec. Doc. 39.

[46] Rec. Doc. 12 at 2.

[47] Rec. Doc. 22.

[48] Fed. R. Civ. P. 16(b).

[49] Rec. Doc. 38 at 6.

[50] *See* Rec. Doc. 22-1.

8

argue that good cause exists to modify the Scheduling Order because they learned on December 5, 2022 that Defendant was unwilling to settle their claims.[51] In the instant motion, Plaintiffs also address the other factors bearing on good cause enumerated by the Fifth Circuit.[52] However, Plaintiffs failed to present these arguments to the Magistrate Judge.[53] A court may deny a motion for leave to amend that does not address the good cause standard under Rule 16(b)(4) "for that reason alone."[54] Given that Plaintiffs did not address the good cause standard under Rule 16(b)(4) in their motion before the Magistrate Judge, the Order was not erroneous or contrary to law.[55] Therefore, the Court must defer to the Magistrate Judge's determination.[56]

Regardless, even if Plaintiffs had raised their arguments in support of the instant motion to the Magistrate Judge, the Magistrate Judge would not have erred in denying Plaintiffs leave to amend the Complaint. Plaintiffs argue that good cause exists to amend the Complaint because Plaintiffs learned during a December 5, 2022 settlement conference that Defendant "would not settle for a penny more than they had already paid to this point."[57] The Court is not persuaded that the willingness of Defendant to settle Plaintiffs' claims has any bearing on Plaintiffs' desire to add C.M.B. as an additional plaintiff with independent claims. Further, the Complaint references

---

[51] Rec. Doc. 39-1 at 4–5.

[52] *Id.* at 5–6.

[53] *See* Rec. Doc. 22-1.

[54] *Matias v. Taylors Int'l Servs., Inc.*, No. 09-3256, 2010 WL 3825402, at *3 (E.D. La. Sep. 24, 2010) (citing *Wachovia Bank, Nat'l. Assoc. v. Schlegel*, No. 09–1322 2010 WL 2671316 (N.D. Tex. June 30, 2010)).

[55] Alternatively, the Magistrate Judge found that, even if Plaintiffs could establish good cause, "the claims they wish to include in their complaint on behalf of their minor son are frivolous." Rec. Doc. 38 at 6. Although the Magistrate Judge's determination appears to have merit, the Court does not reach this issue because Plaintiffs fail to establish good cause to amend the Scheduling Order. *See id.* n.1.

[56] *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[57] Rec. Doc. 39-1 at 4–6.

C.M.B.'s anguish, which suggests that Plaintiffs were aware of C.M.B.'s claims when initiating this litigation but failed to add C.M.B. before the deadline to amend pleadings had passed. Thus, even now, Plaintiffs have failed to provide the Court with good cause to amend the Scheduling Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Appeal of R. Doc. No. 38"[58] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 28th day of February, 2023

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[58] Rec. Doc. 39.